**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                  Plaintiff-Appellee,<br>v.<br>EFRAIN CERVANTES-RAMIREZ,<br>                  Defendant-Appellant. | Case No.: 19-mj-23221-FAG-H<br><br>**ORDER AFFIRMING MAGISTRATE JUDGE CONVICTION AND JUDGMENT** |

On August 13, 2019, Defendant Efrain Cervantes-Ramirez filed a notice of appeal to the district court. (Doc. No. 9.) The appeal is timely, and the Court has jurisdiction over the appeal pursuant to 18 U.S.C. § 3402.

### Background

On August 5, 2019, Defendant was arrested approximately 200 yards north of the United States/Mexico border and one quarter mile east of the Tecate, California Port of Entry. (Doc. No. 1 at 2.) Following his arrest, Defendant stated that he is a citizen of Mexico illegally present in the United States, and that he illegally entered the United States on August 5, 2019. (Id.)

On August 6, 2019, the Government filed a criminal complaint charging Defendant with being "an alien, [who] attempted to enter the United States at a time or place other

than as designated by immigration officers, a misdemeanor; in violation of Title 8, United States Code, Section 1325(a)(1)."  (Doc. No. 1 at 1.)  On August 6, 2019, Defendant appeared before the Magistrate Judge for an initial appearance.  (Doc. No. 3.)

On August 9, 2019, Defendant appeared before the Magistrate Judge and entered an open plea of guilty without a plea agreement to the single count for violation of 8 U.S.C. § 1325(a)(1) in the complaint.  (Doc. No. 13 at 3, 7, 14; Doc. Nos. 6, 7.)  During the hearing, counsel for Defendant objected to the Magistrate Judge's recitation of the elements of the offense, and the Magistrate Judge overruled the objection.  (Doc. No. 13 at 11-12.)  At the end of the hearing, the Magistrate Judge accepted Defendant's guilty plea and subsequently sentenced Defendant to time served.  (Id. at 15, 16-17; Doc. Nos. 6, 7.)

The Magistrate Judge entered a final judgment on August 9, 2019.  (Doc. No. 7.)  On August 13, 2019, Defendant filed a timely notice of appeal.  (Doc. No. 9.)  See Fed. R. Crim. P. 58(g)(2)(B) (setting forth a 14-day deadline for filing an appeal from a magistrate judge's judgment of conviction).

**Discussion**

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed."  18 U.S.C. § 3402.  Federal Rule of Criminal Procedure 58(g)(2)(B) provides: "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry."  Fed. R. Crim. P. 58(g)(2)(B).

On appeal, Defendant argues that his guilty plea must be vacated because the Magistrate Judge failed to accurately advise him of the charged offense's elements, thereby violating Federal Rule of Criminal Procedure 11.  (Doc. No. 14 at 1, 4-13.)  Specifically, Defendant argues that the Magistrate Judge failed to inform him that in order to be convicted of attempted unlawful entry in violation of § 1325(a)(1), the government must prove that the defendant knew he was an "alien."  (Id. at 6.)  In response, the Government argues that knowledge of alienage is not an element of attempted entry in violation of §

1325(a)(1).  (Doc. No. 16 at 4-11.)

"A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'"  Bousley v. United States, 523 U.S. 614, 618 (1998) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)).  "There are a number of requirements that a plea colloquy must satisfy in order for a guilty plea to be considered voluntary and knowing." Tanner v. McDaniel, 493 F.3d 1135, 1146–47 (9th Cir. 2007).

"Federal Rule of Criminal Procedure 11 is designed 'to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary.'"  United States v. Minore, 292 F.3d 1109, 1115 (9th Cir. 2002) (quoting McCarthy v. United States, 394 U.S. 459, 465 (1969)).  Federal Rule of Criminal Procedure 11(b)(1) requires the court to "address the defendant personally in open court" and "inform the defendant of, and determine that the defendant understands . . . (G) the nature of each charge to which the defendant is pleading."  Fed. R. Crim. P. 11(b)(1); see also Bousley, 523 U.S. at 618 ("The Supreme Court 'ha[s] long held that a plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)).  To comply with Rule 11(b)(1)'s requirement that the defendant be informed of "the nature of each charge," "the district court must advise the defendant of the elements of the crime and ensure that the defendant understands them."  Minore, 292 F.3d at 1115.  The adequacy of a Rule 11 plea colloquy is reviewed de novo.  United States v. Villalobos, 333 F.3d 1070, 1073 (9th Cir. 2003).

In this case, in order to satisfy the Rule 11(b)(1)'s requirement that Defendant be informed of the nature of his charge, the Magistrate Judge engaged in the following colloquy with Defendant:

> THE COURT:  I'm now going to advise you of the elements of the offense.
>
> If defense counsel wishes to object, I would ask to hold the objection, and I'll make it of record.  I have come to the determination after yesterday's hearings that I believe that there are only four elements, but I will allow you to make your objection.

I believe the elements for the charge are as follows:

The defendant at the time of the attempted entry into the United States was an alien, and that is a person who is not a natural-born or naturalized citizen or national of the United States.

Secondly, that the defendant had the specific intent to enter the United States at a time and place other than those designated by immigration officers.

Third, that the defendant also had the specific intent to enter the United States free from official restraint, meaning the defendant intended to enter without being detected, apprehended, or taken into custody by the Government so that he or she could roam freely in the United States.

And fourth, that the defendant did something that was a substantial step towards committing the crime and that strongly corroborated the defendant's intent to commit the crime.

Do you understand the elements of the offense as I have described them on the record?

(Discussion regarding another case.)

THE COURT: Mr. Cervantes?

THE DEFENDANT: Yes.

(Doc. No. 13 at 10-11.)

Defendant argues that this plea colloquy failed to comply with Rule 11 and inform him of the true nature of the charge because the Magistrate Judge failed to advise him of all of the elements of the charged offense. (Doc. No. 14 at 6.) To support this argument, Defendant asserts that knowledge of alienage is a required element for proving attempted unlawful entry in violation of § 1325(a)(1). (Id.) But "knowledge of alienage is not an element of § 1325(a)(1)." United States v. Vazquez-Sanchez, No. 319MJ23193FAGBTM, 2020 WL 2394969, at *4 (S.D. Cal. May 11, 2020); see United States v. Zeferino-De Jesus, No. 319MJ23139AHGDMS, 2020 WL 94373, at *8 (S.D. Cal. Jan. 7, 2020) ("[T]he Court disagrees that knowledge of alienage is an element of a charge under § 1325.").

Defendant argues that knowledge of alienage is required as an element of § 1325(a)(1) under basic attempt principles. (Doc. No. 14 at 6-8.) Specifically, Defendant argues that in determining whether a defendant has the intent to commit the relevant

completed crime, "'a defendant should be treated in accordance with the facts as he supposed them to be,' not as they actually are." (Id. at 6 (quoting United States v. Quijada, 588 F.2d 1253, 1255 (9th Cir. 1978).)  Defendant argues, therefore, that if a defendant genuinely (but incorrectly) believes that he is a U.S. citizen and then attempts to enter the United States, the defendant is not guilty of attempted unlawful entry in violation of § 1325(a)(1).  (Id. at 7.)

"Quijada does not stretch as far as Defendant would like." Zeferino-De Jesus, 2020 WL 94373, at *8.  In Quijada, the Ninth Circuit explained that "generally a defendant should be treated in accordance with the facts as he supposed them to be" in rejecting an impossibility defense to a conviction for attempt to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  See Quijada, 588 F.2d at 1255.  In contrast, here, a defense of impossibility is not at issue as Defendant never raised an impossibility defense in the proceedings below or on appeal.  Thus, Defendant's reliance on Quijada is misplaced. Quijada says nothing about how to determine the specific required elements of an attempt crime.  See Zeferino-De Jesus, 2020 WL 94373, at *8 (rejecting defendant's reliance on Quijada to prove that knowledge of alienage is a required element of 1325(a)(1)).

In arguing that knowledge of alienage is a required element of § 1325(a)(1), Defendant also relies on the Ninth Circuit's decision in United States v. Smith-Baltiher, 424 F.3d 913, 915 (9th Cir. 2005).  (Doc. No. 14 at 7.)  Again, Defendant's reliance on Ninth Circuit precedent is misplaced.  In Smith-Baltiher, the Ninth Circuit held that a defendant was entitled to present a mistake of fact defense regarding his citizenship status that, if proven, would negate the mens rea element of his § 1326 attempted reentry charge. See 424 F.3d at 923-25; see also, e.g., United States v. Hernandez, 504 F. App'x 647, 648–49 (9th Cir. 2013) (holding that the defendant had the right to present a mistake of fact defense to a charge of attempted reentry in violation of § 1326).  A defense of mistake of fact is not at issue here as Defendant did not raise this defense below or on appeal.  Rather, Defendant's appeal is based on his contention that knowledge of alienage is a required element of the offense.  Nowhere, in Smith-Baltiher does the Ninth Circuit hold or suggest

that knowledge of alienage is a required element of attempted reentry or entry. Thus, the Court rejects Defendant's reliance on Smith-Baltiher. See Vazquez-Sanchez, 2020 WL 2394969, at *4 (rejecting defendant's reliance on Smith-Baltiher to prove that knowledge of alienage is a required element of 1325(a)(1)).

Defendant also argues that knowledge of alienage is required as an element of § 1325(a)(1) under the Supreme Court's decision in Rehaif v. United States. (Doc. No. 14 at 8-11.) The Court rejects this argument. Rehaif is inapplicable here.

In Rehaif, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. This holding was based on the text of § 924(a)(2)'s use of the term "knowingly." See id. at 2195–97 ("As 'a matter of ordinary English grammar,' we normally read the statutory term '"knowingly" as applying to all the subsequently listed elements of the crime.'").

In contrast, here, Defendant was not charged with violating 18 U.S.C. § 922(g) and § 924(a)(2). Rather, Defendant was charged with violating 8 U.S.C. § 1325(a)(1), which does not contain the term "knowingly." See 8 U.S.C. § 1325(a). Thus, Rehaif's holding is inapplicable to the present case. See United States v. Velazquez-Hernandez, No. 19CR03066-KSC, 2020 WL 475272, at *5 (S.D. Cal. Jan. 28, 2020) ("The question in Rehaif . . . concerned 'the scope of the word "knowingly,"' with the Supreme Court holding 'knowingly' applied to 'both defendant's conduct and status.' In contrast, here, Congress did not incorporate a 'knowingly' requirement into the text of § 1325(a)(1)."); Zeferino-De Jesus, 2020 WL 94373, at *8 ("Section 924(a)(2) expressly provides for punishment of a defendant who 'knowingly violates' § 922(g). There is no similar express requirement in 8 U.S.C. § 1325, however, that a violation be 'knowing.'"); United States v. Nunez-Soberanis, 406 F. Supp. 3d 835, 843 (S.D. Cal. 2019) ("[T]he Court concludes that the rationale in Rehaif is not directly applicable to a prosecution under § 1325 and does not require the Government to allege or prove that Defendant knew he was an alien.").

Further, in rejecting Defendant's contention that knowledge of alienage is a required element under § 1325(a)(1), the Court notes that the Ninth Circuit has explained that "[t]he reason for requiring specific intent for attempt crimes is to resolve the uncertainty whether the defendant's purpose was indeed to engage in criminal, rather than innocent, conduct." United States v. Gracidas-Ulibarry, 231 F.3d 1188, 1193 (9th Cir. 2000).  But, here, Defendant has not "demonstrated that the failure to require a showing of knowledge of alienage in connection with attempted illegal entry under § 1325(a)(1) will allow for the prosecution of inculpable conduct."  Vazquez-Sanchez, 2020 WL 2394969, at *4.  Any person, whether a United States citizen or an alien, who attempts to cross the border outside a designated port of entry violates the law.  See Nunez-Soberanis, 406 F. Supp. 3d at 844 (citing 19 U.S.C. § 1459); Zeferino-De Jesus, 2020 WL 94373, at *8.

In sum, the Court rejects Defendant's contention that knowledge of alienage is a required element of attempted unlawful entry in violation of § 1325(a)(1).  See Vazquez-Sanchez, 2020 WL 2394969, at *3 ("Defendant's instant knowledge of alienage argument has been consistently rejected by other courts in this district.").  Because knowledge of alienage is not an element of the charged offense, Defendant has failed to show that the Magistrate Judge's plea colloquy violated Federal Rule of Criminal Procedure 11 and that his guilty plea is invalid.

### Conclusion

For the reasons above, the Court denies Defendant's appeal and affirms Defendant's conviction and judgment.

**IT IS SO ORDERED.**

DATED: June 16, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT